**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil action no.: 16-cv-10795 |
| v. | ) ) | Legal and equitable relief sought |
| **TSHO, INC.**, an Illinois corporation, **d/b/a JURIN JAPANESE RESTAURANT; EKYU, INC.**, an Illinois corporation, **d/b/a JURIN JAPANESE RESTAURANT;** and **HARUHISA OSADA** and **HIDEO SUDO**, individuals, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **TSHO, INC.**, an Illinois corporation, **d/b/a JURIN JAPANESE RESTAURANT ("TSHO, INC")**; **EKYU, INC.**, an Illinois corporation, **d/b/a JURIN JAPANESE RESTAURANT ("EKYU, INC.")**; and **HARUHISA OSADA** and **HIDEO SUDO**, individuals, (hereinafter collectively "defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq*.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

**A.**     Defendant **TSHO, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business at 588 Randall Road, South Elgin, Illinois, 60177, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a sushi and hibachi restaurant.

**B.**     Defendant **EKYU, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business at 1772 S. Randall Road, Geneva, Illinois, 60134, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a sushi and hibachi restaurant.

**C.**     Defendant **HARUHISA OSADA**, an individual, is the president and sole owner of defendant **TSHO, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendants in relation to defendants' employees at **TSHO, INC.** including, but not limited to hiring and firing employees, directing work, and setting pay practices. At all times hereinafter mentioned, defendant **HARUHISA OSADA** was engaged in business within Kane County at 588 Randall Road, South Elgin, Illinois, within the jurisdiction of this court. **HARUHISA OSADA** acted directly or indirectly in the interest of **TSHO, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

**D.**     Defendant **HARUHISA OSADA**, an individual, is the president and part-owner of defendant **EKYU, INC.**, and, at all times hereinafter mentioned, actively supervised the day-

2

to-day operations and management of the corporate defendants in relation to defendants' employees at **EKYU, INC.**, including, but not limited to hiring and firing employees, directing work, and setting pay practices. At all times hereinafter mentioned, defendant **HARUHISA OSADA** was engaged in business within Kane County at 1772 S. Randall Road, Geneva, Illinois, within the jurisdiction of this court. **HARUHISA OSADA** acted directly or indirectly in the interest of **EKYU, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

     **E.**    Defendant **HIDEO SUDO**, an individual, is the vice president and part-owner of defendant **EKYU, INC.**, and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to defendants' employees at **EKYU, INC.**, including, but not limited to hiring and firing employees and scheduling and directing work. At all times hereinafter mentioned, defendant **HIDEO SUDO** was engaged in business within Kane County at 1772 S. Randall Road, Geneva, Illinois, within the jurisdiction of this court.  **HIDEO SUDO** acted directly or indirectly in the interest of **EKYU, INC.**, in relation to all of its employees and is an employer within the meaning of section 3(d) of the Act.

### III

    Defendants **TSHO, INC.** and **EKYU, INC.** are joint employers within the meaning of the Act in that defendants **TSHO, INC.** and **EKYU, INC.** have arrangements to share or interchange employees' services, act directly or indirectly in the interest of the other in relation to employees, and share control of employees because defendants are under the common control of defendant, **HARUHISA OSADA**.

## IV

Each corporation is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

## V

Each corporation is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

## VI

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying some employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked.

## VII

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in

4

commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants paid most of their non-exempt employees, including servers, busboys, and cooks, a "salary" each two-week pay period, which was paid in check and cash. The "salary" amounts paid to employees was compensation for all hours worked and was not based on employees' actual hours worked. These non-exempt employees who received a "salary" regularly worked over forty hours in a workweek. Defendants did not pay these employees one and one-half times their regular rate for hours worked in excess of forty hours in a workweek.

## VIII

Defendants, employers subject to the provisions of the Act, repeated and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to adequately and accurately record employees' total earnings each pay period, including cash earnings.

## IX

During the period since February 1, 2014, defendants repeatedly and willfully have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage

and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)     For an Order

(1)     pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2)     pursuant to section 17, enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of minimum wage and overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(c)     For an Order awarding plaintiff the costs of this action; and

(d)     For an Order granting such other and further relief as may be necessary or appropriate.

6

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Catherine Homolka*
**CATHERINE HOMOLKA**

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312-353-4995
Facsimile: 312-353-5698
Email: homolka.catherine@dol.gov


*/s/ Jing Zhang*
**JING ZHANG**
Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312/353-1145
Facsimile: 312-353-5698
Email: zhang.jing@dol.gov

Attorneys for **THOMAS E. PEREZ**,
Secretary of Labor, United States
Department of Labor, Plaintiff

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **COMPLAINT** has been served on the below-named individual this 22nd of November, 2016, by sending said copy by certified mail, as well as a courtesy copy via e-mail, to:

> Timothy P. Dwyer, Esq.
> Dwyer Law Office
> 240 West River Drive
> St. Charles, IL 60174
> tim@tpd-law.com

> */s/ Catherine Homolka*
> **CATHERINE HOMOLKA**
>
> U.S. Department of Labor
> Office of the Solicitor
> 230 South Dearborn Street, Room 844
> Chicago, Illinois 60604
> Telephone: 312-353-4995
> Facsimile: 312-353-5698
> Email: homolka.catherine@dol.gov